UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| IN THE MATTER OF: | : | Case No. 04-55820, Chapter 7 |
| | : | Judge John E. Hoffman, Jr. |
| JULIE MARIE DODDS, DEBTOR | : | Social Security No.  xxx-xx- 1830 |

### DECLARATION OF COUNSEL

NOW COMES the undersigned, attorney for the above-captioned Debtor, and declares as follows:

1. That I am the attorney for the above-captioned Debtor in the Chapter 7 Proceeding;

2. That the Debtor has reaffirmed a debt with The Vinton County National Bank, a Creditor in the within bankruptcy proceeding;

3. That prior to the execution of the Reaffirmation Agreement by the Debtor, I advised the Debtor of the legal significance of executing the Reaffirmation Agreement;

4. That the Debtor executed the Reaffirmation Agreement voluntarily;

5. That prior to the execution of the Reaffirmation Agreement by the Debtor, I fully advised the Debtor of the ramifications of Reaffirmation and that the Debtor will be responsible for the debt should Debtor default upon the terms of the Reaffirmation;

6. That the terms of the Reaffirmation Agreement represents a fully informed and voluntary agreement by the Debtor; and

7. That I believe, to the best of my knowledge, the Reaffirmation Agreement does not impose an undue hardship on the Debtor or a dependent of Debtor, based upon the statement of income and expenditure of Debtor filed with the Court.

Respectfully submitted,

Samuel L. Calig, Esq.
Attorney for Debtor

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| IN THE MATTER OF: | : | Case No. 04-55820, Chapter 7 |
| | : | Judge John E. Hoffman, Jr. |
| JULIE MARIE DODDS, DEBTOR | : | Social Security No.  xxx-xx- 1830 |

### REAFFIRMATION AGREEMENT

The undersigned Debtor and **The Vinton County National Bank** ("Creditor") agree that the Debtor will reaffirm the following debt upon the following terms pursuant to the provisions of 11 U.S.C. § 524.

| | |
|---|---|
| **Date of Loan** | July 26, 2001 |
| **Collateral** | 1997 Honda Accord |
| **Amount Reaffirmed** | $8,165.49    As of    April 27, 2004 |
| **Interest Rate per annum** | 10.74% |
| **Monthly payments** | $388.99 |
| **Payments beginning on** | May 2, 2004 |
| **Payments continuing on the** | 2nd   day of each month thereafter until obligation is fully paid. |

Any arrearages or late fees due as of the date of the first payment under the terms of the Reaffirmation Agreement will be cured by the Debtor making additional monthly payments and with the maturity date of the loan being extended.

The Debtor will not be able to borrow additional funds on existing credit limit any line of credit or credit card being reaffirmed once the applicable period for the rescission of this Reaffirmation Agreement has expired.

It is understood and agreed that the loan to be reaffirmed is an obligation owed to the Creditor at the time the Debtor commenced a proceeding pursuant to Title 11 of the United States Code ("bankruptcy proceeding"). It is understood and agreed that each term of the loan agreement or agreements between the Creditor and the Debtor (including the granting of security interests and mortgages) which was applicable when the bankruptcy proceeding was commenced shall continue in full force and effect unless modified by this Agreement.

The Debtor further acknowledges and agrees that if this Agreement becomes unenforceable because the Court does not, if necessary, approve it, or if the Debtor shall rescind this Agreement at any time prior to the discharge or within 60 days after it is filed with the Court, whichever occurs later, the Debtor shall make no claim against the Creditor for any sum paid to it after the filing of the bankruptcy

proceeding regardless of whether such payment was made pursuant to this Agreement. It is agreed that any such sum or sums shall retained by the Creditor shall compensate the Creditor for the fair value of the use of the collateral retained by the Debtor after commencement of the bankruptcy proceeding and for the reduction in value of the collateral resulting from use and depreciation of the collateral after commencement of the bankruptcy proceeding.

It is certified by the Debtor that this Agreement was entered into prior to the granting of a discharge to the Debtor in the bankruptcy proceeding.

It is further agreed by the Debtor that this Agreement constitutes the reaffirmation of a prior indebtedness and not an extension, grant, or acceptance of new credit by the Creditor.

**THIS AGREEMENT MAY BE RESCINDED BY THE DEBTOR AT ANYTIME PRIOR TO DISCHARGE OR WITHIN 60 DAYS AFTER THIS AGREEMENT IS FILED WITH THE COURT, WHICHEVER OCCURS LATER, BY GIVING NOTICE OF RESCISSION TO THE CREDITOR.**

**THIS AGREEMENT IS NOT REQUIRED UNDER TITLE 11 OF THE UNITED STATES CODE, UNDER ANY NON-BANKRUPTCY LAW OR ANY AGREEMENT NOT IN ACCORDANCE WITH 11 U.S.C. § 524(c).**

Date: 6-8-04                                    Date: 6-8-04

THE VINTON COUNTY NATIONAL BANK

By: _____              _____
                                              Julie Marie Dodds, Debtor
Its: Senior Vice President-David Graham